Turle y, Jk
delivered the opinion of the court.
The only question in this case is, whether the court erred in quashing the proceedings and refusing to try the issue of dcvisavit vel non. We are of ©pinion it did'; we can see n©> reason for so doing. The proceedings are regular, and the plaintiffs in the petition were efflti'tl'ed to a trial. The time which was permitted to efepse from tlie ordinary- probate of the will, until this application was made to have it fully'proved upon an issue of dcvisavit vel non, being about eighteen years, is n,ot a bar to the proceeding. We do not say what length of time would be sufficient for this purpose; certainly not less, than twenty years. In the case of Satterwhite vs. Satterwhite, 1 En. Con. Eec. R. 151, and same book, page 425, it was held, that a will* could be called in and the probate contested after the expiration of twenty years from the time of the probate in common form.
The argument that the statute of limitations would protect those who might have acquired rights under the will proven in. the ordinary form, and that therefore, there could be no use-in having an issue of dcvisavit vel non, does not alter the rule-of law. Upon the trial of this issue, the right of the property cannot be called in question, and if the persons who may be. in possession are protected by the statute of limitations, the-trial of the issue can do them no injury but if they are not so protected, it is absolutely necessary that the contest relative to ’the will should be settled, for otherwise no suit could be *480 brought against them. Then, inasmuch as the court could not know whether the statute of limitations would bar the proceedings for the recovery of the property, if the will be not set aside, and could not try this question upon proceedings instituted to test the validity of the will, we think the court erred in quashing the proceedings. We therefore reverse the judgment, and remand the cause with instructions that the issue made up be tried by the court.
Judgment reversed.